IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN SAMANS, | § | |
| | § | |
| Defendant Below, | § | No. 128, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0707000249 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 12, 2018
Decided: April 17, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

This 17th day of April 2018, upon consideration of the Superior Court's request for a remand and the parties' responses, it appears to the Court that:

(1) On March 12, 2018, the appellant, Ryan Samans, filed a notice of appeal from a February 22, 2018 Superior Court order denying his motion for correction of illegal sentence. Samans sought to correct a sentence imposed on December 8, 2017 for his violation of probation and conditional release.

(2) On March 28, 2018, the Superior Court asked the Court to remand this appeal. The Superior Court made this request after learning that the Department of Correction had incorrectly calculated the maximum expiration date of Samans' conditional release and that Samans had not violated his conditional release.

Because this information was contrary to the information provided to the Superior Court at the December 8, 2017 hearing, the Superior Court requested a remand to resentence Samans.

(3) As requested by the Court, Samans and the State responded to the Superior Court's request for a remand. Samans does not oppose a remand for resentencing, but asks the Court to direct the Superior Court to consider whether, in light of the incorrect calculation of the maximum expiration date of his conditional release, he had completed his probation for the Robbery in the First Degree charge and to give him credit toward his remaining Level V sentence "for the excess balance exacted on the conditional release persuant [sic] to 11 Del. C. 4347(i)."[1] The State does not oppose a remand for resentencing.

(4) We agree that the proper course of action is to remand this matter to the Superior Court for Samans to be resentenced. Samans should be represented by counsel and be present with counsel when he is resentenced. As to the other issues raised by Samans, those should be raised in the Superior Court.

---

[1] Motion for Reply ¶ 2.

2

NOW, THEREFORE, IT IS ORDERED that the within matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice